UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEAN M. REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-02933-RLY-DLP |
| | ) | |
| NANCY A. BERRYHILL Deputy | ) | |
| Commissioner for Operations, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jean M. Reid requests judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 423(d), 405(g). For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's decision should be **AFFFIRMED**.

# I. BACKGROUND

## A. Procedural History

On March 24, 2014, Jean M. Reid ("Reid") filed for disability insurance benefits under Title II of the Social Security Act, alleging her disability began on January 31, 2010. The claims were denied initially and upon reconsideration. Reid then filed a written request for a hearing on December 17, 2014, which was granted.

On May 4, 2016, Administrative Law Judge Dennis L. Pickett conducted the hearing, where Reid and a vocational expert testified. On July 19, 2016, the ALJ issued an unfavorable decision finding that Reid was not disabled as defined in the Act. The Appeals Council denied Reid's request for review of this decision on June 30, 2017, making the ALJ's decision final. Reid now seeks judicial review of the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## B. Factual Background

Reid was 54 years old at the time of the alleged onset date of her disability in 2010. [Dkt. 11 at 5]. She completed the eleventh grade of high school and did not obtain a GED (General Equivalency Diploma). [*Id.*] Reid previously worked as a cashier and as a delicatessen counter worker. [*Id.*] For her application for social security benefits and on subsequent appeals, Reid alleged problems including heart attacks, back pain, left shoulder surgery, bad knees, sleep apnea, insomnia, and high blood pressure. [Dkt. 11 at 4].

## II. STANDARD OF REVIEW

To prove disability, a claimant must show she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To meet this definition, a claimant's impairments must be of such severity that she is not able to perform the work she previously engaged in and, based on her age, education, and work experience, she cannot engage in any

other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration ("SSA") has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520. The ALJ must consider whether:

> (1) the claimant is presently [un]employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves [her] unable to perform [her] past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351-52 (7th Cir. 2005) (citation omitted). An affirmative answer to each step leads either to the next step or, at steps three and five, to a finding that the claimant is disabled. 20 C.F.R. § 404.1520; Briscoe, 425 F.3d at 352. A negative answer at any point, other than step three, terminates the inquiry and leads to a determination that the claimant is not disabled. 20 C.F.R. § 404.1520. The claimant bears the burden of proof through step four. *Briscoe*, 425 F.3d at 352. If the first four steps are met, the burden shifts to the Commissioner at step five. *Id.* The Commissioner must then establish that the claimant—in light of her age, education, job experience and residual functional capacity to work—is capable of performing other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f).

The Court reviews the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law.

*Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Evidence is substantial when it is sufficient for a reasonable person to conclude that the evidence supports the decision. *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001). Thus, the issue before the Court is not whether Reid is disabled, but, rather, whether the ALJ's findings were supported by substantial evidence. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995).

In this substantial-evidence determination, the Court must consider the entire administrative record but not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Nevertheless, the Court must conduct a critical review of the evidence before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); see also, *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

When an ALJ denies benefits, he must build an "accurate and logical bridge from the evidence to his conclusion," *Clifford*, 227 F.3d at 872, articulating a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a

line of evidence that undermines the conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d at 872.

## III.  ALJ'S SEQUENTIAL FINDINGS

In determining whether Reid qualified for disability benefits under the Act, the ALJ went through the five-step analysis required by 20 C.F.R. § 404.1520(a). The ALJ first determined that Reid met the insured status requirements of the Act and did not engage in substantial gainful activity from her onset date of January 31, 2010 through her last insured date of December 31, 2014. [Dkt. 9-2 at 16 (R. 15).]

At step two, the ALJ found Reid's severe impairments to include "osteoarthritis, obesity, hypertension, obstructive sleep apnea, and coronary artery disease." [*Id.*]

As noted above, the third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for a listed impairment, then the claimant is presumptively disabled and qualifies for benefits. 20 C.F.R. § 404.1520(a)(4)(iii). At step three, the ALJ found that Reid did not have an impairment or combination of impairments

that meets or medically equals a Listing. The ALJ specifically considered Listing 1.02 for dysfunction of a joint, Listing 3.10 for sleep-related breathing disorders, and Listing 4.04 for ischemic heart disease. [Dkt. 9-2 at 18 (R. at 17).]

At the fourth step of the five-step sequential evaluation process, the ALJ weighed the medical evidence, the vocational expert's testimony, and Reid's testimony and work history, and determined that Reid had the RFC to perform light work, except with the limitations that she could only:

- occasionally climb ladders, ropes, or scaffolds;

- occasionally climb ramps and stairs;

- occasionally balance, stoop, kneel, crouch, and crawl; and

- occasionally reach overhead with the left non-dominant hand.

[Dkt. 9-2 at 18 (R. 17).] Based on her RFC, the ALJ determined that Reid was capable of performing her past relevant work as a cashier, which would require only a capacity for light work. [Dkt. 9-2 at 21 (R. 20).] Based on these findings, the ALJ concluded that Reid is not disabled under the Act. [Dkt. 9-2 at 22 (R. 21).]

## IV.   DISCUSSION

Reid argues generally that substantial evidence fails to support the ALJ's determination that she was not disabled, but focuses on two main contentions: 1) that the ALJ did not properly consider evidence when classifying her carpal tunnel syndrome as non-severe and 2) that the ALJ failed to consider her obesity when weighing the cumulative effect of her impairments. The Court considers these arguments in turn below.

### i.    Classifying Impairments as Non-Severe

The Plaintiff argues that the ALJ improperly dismissed her bilateral carpal tunnel syndrome as a non-severe impairment. In his opinion, the ALJ summarized the record by noting that Reid had reported "occasional numbness in her left hand," that "EMG/Nerve conduction testing revealed carpal tunnel syndrome of mild to moderate severity bilaterally," and that during a follow-up after a carpal tunnel release procedure, Reid "reported no complaints" and had "full range of motion and good strength." [Dkt. 9-2 at 18 (R. 17).] The ALJ, however, did not summarize the subsequent evidence regarding Reid's left and right hand pain.

ALJs are not required to provide a complete written evaluation of every piece of testimony and evidence, but they also may not select and discuss only the evidence that favors their ultimate conclusion. *Diaz v. Chater,* 55 F.3d 300, 307-8 (7th Cir. 1995). When considering whether an impairment is severe, the ALJ is to consider whether the impairment significantly limits one's physical or mental ability to do basic work activities, such as walking, standing, sitting, pushing, pulling; use of judgment; or dealing with changes in a routine work setting.  20 C.F.R. 404.1522. Impairments are found to be "not severe" when the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered. SSR 85-28.

The Plaintiff testified at the hearing in May 2016 that she continued to notice pain in her left hand and that she had recently begun noticing numbness in her right

hand, along with shooting pains in her fingers. [Dkt. 11 at 13]. As the Defendant points out in her brief, Reid directs attention to one medical record, where Reid followed up with Dr. Casimir Starsiak after a carpal tunnel release procedure, to demonstrate the severity of her symptoms. [Dkt. 9-11 at 4 (R. 388).] She points to only one record, presumably, because only one visit and record thereof exists. During this visit in February 2014, Reid reported only mild pain, had no restricted range of motion, had no pain during testing, and the x-ray demonstrated no bone abnormalities; moreover, Dr. Starsiak did not recommend any further treatment or follow-up. [*Id.*]

There are no other records or visits that demonstrate an ongoing problem or issue related to either the left or right hand. Furthermore, contrary to Plaintiff's assertion, the ALJ did consider her testimony at the hearing. Specifically, the ALJ notes that Reid stated she "could not lift a gallon of milk, could not vacuum, and had difficulty writing, typing, or te[x]ting due to pain and numbness." [Dkt. 9-2 at 19 (R. 18).] He went on to note that Reid testified that "she had difficulty doing dishes given her carpal tunnel syndrome." [*Id.*] The ALJ concluded that Reid's complaints of severe pain and numbness in her hands and fingers were not fully supported by objective medical evidence. [*Id.*]

Although an ALJ is not required "to address in writing every piece of evidence or testimony presented, he was required to provide 'an accurate and logical bridge' between the evidence and his conclusions." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008). Based on the information presented to him and laid out in his opinion, the Court finds that

the ALJ appropriately considered the evidence and that the ALJ's opinion creates enough of a logical bridge between the evidence and his conclusions.

### ii.    Obesity

The Plaintiff argues that the ALJ did not properly consider obesity, both when considering the effects of obesity under the Listing of Impairments and when assessing the Plaintiff's residual functional capacity. The Plaintiff is correct, insofar as noting that the ALJ did not separately articulate his analysis related to Reid's obesity. In the very first paragraph of his opinion, the ALJ lists obesity as one of Reid's impairments, but does not mention obesity or discuss its effect on her other impairments at any other point in the opinion.

According to Social Security Ruling 02-1p, an ALJ "should consider the effects of obesity together with the underlying impairments, even if the individual does not claim obesity as an impairment." *Prochaska v. Barnhart,* 454 F.3d 731, 736 (7th Cir. 2006). But a failure to explicitly consider the effects of obesity may be harmless error, such as where an ALJ doesn't "address the claimant's obesity, but does adopt the 'limitations suggested by the specialists and reviewing doctors' who were aware of the condition." *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). In *Skarbek*, the doctors discussed the claimant's weight, but no medical opinion identified the obesity as significantly aggravating any injury or contributing to physical limitations; furthermore, the claimant failed to point to any other evidence or specify how her

obesity further impaired her ability to work, all of which led to the conclusion that any error on the ALJ's part was harmless. *Id.*

"It is the plaintiff who bears the burden of articulating how [her] obesity has limited [her] functioning and how it has aggravated [her] other impairments." *Givens v. Colvin*, No. 4:12-cv-44-WGH-RLY, 2013 WL 1102754, at *4 (S.D. Ind. Mar. 15, 2013). Reid does not specifically point to any medical record or doctor's opinion to support her contention that her obesity contributed to or exacerbated any of her conditions, nor does she identify any functional limitation that was caused or aggravated by her obesity. Mere speculation that obesity should or could have affected other impairments is not enough in this Circuit. The Plaintiff here speaks in generalities and fails to demonstrate any link between obesity and her symptoms or functional capacity, which does not satisfy her burden. The ALJ's failure to address Reid's obesity is, therefore, deemed harmless error.

## C. CONCLUSION

For the reasons detailed herein, the Magistrate Judge recommends that the ALJ's decision be **AFFIRMED**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. §636(b)(1). Failure to timely file objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

Date: 6/14/2018

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov